| iSAUNDERS, Judge,
dissenting.
As I read the record, I do not feel that Mr. Funk signaled to Ms. Jefferson to stand back because Ms. Jefferson might be in danger of being hit by falling debris, but rather that Mr. Funk motioned to Ms. Jefferson to stand back in order that she not interfere with his work or cause danger to him or others by bumping into his ladder. Certainly, this is a reasonable interpretation of the signal given to her and no evidence indicates otherwise.
I do not believe that there is any legal duty that a person shopping in a department store stay clear of persons on ladders. On the contrary, I think that employees on ladders in department stores have a duty to use reasonable care that they not lose their balance and that they not drop things on the patrons.
It seems clear to me that Ms. Jefferson was in no way careless, imprudent or reckless in shopping on the open aisle next to which employee Funk was laboring. Having breached no duty and having acted in a reasonable and prudent manner, |2Ms. Jefferson should not be held to be at fault when the K-Mart defendant was careless, lost his balance and threw things upon her.
Moreover, it is now well settled that courts applying the victim fault defense must inquire whether reducing the negligent plaintiffs recovery would serve as an incentive for similarly situated plaintiffs to exercise care, while not reducing the incentive of the [store] owner to remove the risk of harm. Reduction of plaintiffs recovery should not diminish the defendant’s incentive to remove the unreasonable risk from his property. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990), citing Landry v. State, 495 So.2d 1284 (La.1986) and Crawford, “Torts: Recent Developments in the Law, 1986-1987,” 48 La.L.Rev. 507, 511 (1987).
Under this rationale, Sistler and at least one case citing it, Allen v. Great Atlantic & Pacific Tea Co., 589 So.2d 43 (La.App. 1 Cir.1991), reversed findings of plaintiff comparative fault where an unapparent hazard inflicted harm upon the business invitee without any active negligence whatsoever on the part of the defendant. Certainly, the same result should obtain where a hazard not only is unapparent but non-existing but for defendant’s active negligence.
Watson v. State Farm Fire & Cas. Ins. Co., 469 So.2d 967 (La.1985) sets forth the proper factors for consideration in assigning a degree of fault to each party:
*41 (1) Whether the conduct resulted from an inadvertence or involved an awareness of danger.
(2) How great a risk was created by the conduct.
(3) The significance of what was sought by the conduct.
(4) The capacities of the actor, whether superior or inferior.
(5) Any extenuating circumstances which might require the actor to proceed in haste, without proper thought.
My review of the record indicates that the-jury was clearly wrong in finding plaintiff thirty percent at fault. The evidence contained in the record clearly shows lathat to the extent, if any, that Ms. Jefferson was denied access to Funk’s aisle due to the hazard posed by K-Mart’s employee, she was only denied access to that aisle. She was not denied access to the adjacent aisle and had no reason whatsoever to believe that she was in a zone of danger. The merchandise shelves dividing the two aisles stood 6-9½ feet tall[1] and 32 inches wide, dearly creating a zone of safety to warrant plaintiffs lowering her guard. Plaintiff had no reason to believe she was in danger and did not so believe. Her conduct created no risk, unlike K-Mart’s acts of negligence (both its failure to take added precautions and in dropping the tile.)
Having found the jury’s assessment of plaintiffs fault too high, I feel we should reduce to the highest possible percentage which would have been reasonable. Breaux v. Wal-Mart Stores, Inc., 93-1035 (La.App. 3 Cir. 4/6/94), 635 So.2d 667, writ denied, 94-1098 (La. 6/24/94), 640 So.2d 1347. Applying the Watson and Sistler factors to the conduct of the respective parties, I believe plaintiff is legally free of fault. Reducing her award would offer no incentive for similarly situated store patrons, as no incentive in the world can forewarn an individual who has no reason to believe he or she is imperiled; on the other hand, reducing plaintiffs recovery would produce a disincentive to retailers’ taking precautions to avoid injuries to their store patrons.
I also feel that the jury was in error in awarding total damages of only $13,000.00. The plaintiff showed conclusively that she suffered pains which persisted more than two years and that her medical bills alone were $8,676.58, thus allowing for general damages of only $4,323.42. This, to my mind, is an abuse of discretion and my review of the record convinces me an award of $20,000.00, in addition to the medical specials of $8,676.58, is the lowest that the jury should have awarded.
For these reasons, I respectfully dissent.

. K-Mart employees John Funk and Gloria Prince had divergent opinions on this subject.